E. Y. Brown v. S. A. Rash et al.

Decided June 24, 1905.

**1.—Homestead—Conveyance not a Legal Fraud on Creditors.**

Where R. purchased land and at once occupied it with his family as a homestead, the fact that he was insolvent at the time of such purchase and on that account had the title conveyed to his children, with only a life estate in himself, did not, as against a subsequent execution levy, affect his right of homestead in the land.

**2.—Vendor's Lien—Subrogation—Judgment.**

Where a vendor's lien note was merged in a judgment foreclosing the lien and plaintiff purchased the note and judgment with the understanding by all parties that he was to hold the lien until the land subject thereto should be conveyed to him, a conventional subrogation took place, and the lien was not discharged by virtue of a conveyance which, through mistake, conveyed less land than was contemplated by the agreement.

**3.—Same—Merger—Limitations.**

The note having been merged in the judgment, the ownership of the note and the question of whether it had been barred by limitations, were immaterial issues in an action based on a claim of subrogation to the judgment lien.

Appeal from the District Court of Hood. Tried below before Hon. A. J. Hood.

*J. J. Hiner, J. F. Henry* and *H. P. Brown*, for appellant.—1. The court having found that defendant Rash was insolvent and indebted to plaintiff at the time he purchased the land, and had the deed made to his children, reserving only a life estate in himself, such a transaction was a fraud on his creditors and the title conveyed to his children was subject to execution for plaintiff's debt.

2. If the plaintiff advanced to Long the $209 the amount of the judgment or note and Long delivered him the note and the payees in the note and beneficiaries therein transferred the same to Brown in consideration of the $209 the legal effect of the transaction would be to vest title in Brown to the judgment and note and subrogate him to their rights. Wahrmund v. Merritt, 60 Texas, 24; Fievel v. Zuber, 67 Texas, 280; Dillon v. Kauffman, 58 Texas, 705; Park v. Kribs, 24 Texas Civ. App., 650, 657.

3. If the note was not merged in the judgment, it being secured by a lien on the land reserved in the deed, plaintiff was entitled under the pleadings in this case to recover the land and no limitation could run against such right to recover. Roosevelt v. Davis, 49 Texas, 463; Johnson v. Lockhart, 16 Texas Civ. App., 32; White v. Cole, 9 Texas Civ, App., 277.

*H. D. Payne,* for appellees.—1.   An insolvent debtor is entitled to a homestead and a creditor has no concern or interest therein, either in the way he uses his homestead or the way he may choose to take the title, and he can not commit a fraud on a creditor by his use of such exempt property.   64 Texas, 63, 166; Story's Equity, sec. 367; 26 Texas, 560; 25 Texas, 113.

STEPHENS, Associate Justice.—This appeal is from a judgment denying appellant recovery of two tracts of land situated in Hood County, one containing eighty acres and the other twenty.   Appellant claimed both tracts through an execution sale made in March, 1903, under a judgment rendered the preceding January in his favor against S. A. Rash, who set up the homestead exemption as a defense.

Undoubtedly the eighty-acre tract was exempt from execution at the date of the levy and sale; and as to it we adopt the court's findings of fact and conclusion of law.

It matters not that S. A. Rash was insolvent when he purchased this tract of land and on that account had had the title conveyed to his children, with a life estate only in himself.   This occurred long prior to the levy, and was followed by an immediate and continuous occupancy of the land as a home by S. A. Rash and his said children up to the trial.   If the conveyance to his children be treated as fraudulent and void as to creditors, that would only have the effect of placing the whole title in him, where it would be completely covered by the homestead exemption.

The twenty-acre tract was also a part of the homestead, but as to it the exemption was denied on the ground that it was subject to an express vendor's lien when it became a part of the homestead, which lien appellant claimed to have acquired, and sought in a supplemental petition to foreclose, alleging that he had become the owner and holder of the original purchase money note.   On the other hand the appellees alleged that appellant had paid off this note and extinguished the lien, and further pleaded the statute of limitation against it.   The court found from the testimony that this note had been merged in a judgment rendered about April, 1893, foreclosing the lien, and that in May following appellant had paid off this note and judgment at the instance of S. A. Rash, with the understanding between them and the original owners of the note and judgment that he was to hold the lien until the lands covered by it should be conveyed to him by S. A. Rash and wife. In pursuance of this understanding a conveyance was subsequently made, but it failed to include the twenty acres in controversy, which omission was not discovered by appellant until several years thereafter.   The court also found, in accordance with the plea of the appellees, that the note declared on was barred by limitation when the superior title was conveyed by the original vendors to appellant.   There was evidence tending to support these findings of fact, although it is plausibly insisted that the evidence failed to establish that the note had been merged in a judgment, the record being very unsatisfactory on this issue of fact.

The following conclusion of law is assailed:   "I further conclude, the said note and transfer of judgment having been taken simply to secure the plaintiff until such time as the defendant executed to him

a deed to the lands, that when the defendant did execute the deed conveying 111 acres of the land that this constituted a discharge of the vendor's lien, and the plaintiff's right of action, if any, was for money had and received, or for specific performance within a reasonable time after the discovery of the mistake or omission in said deed or after by the exercise of reasonable diligence he could have discovered the omission in said deed, and that he can not therefore recover the 20 acres because of the unpaid purchase money."

We are inclined to the opinion that when appellant paid the balance due on the original purchase money note, or the judgment foreclosing the vendor's lien, if any there was, with the understanding between him and the parties to the note and judgment that he was to hold the same until the land subject to the lien therein provided for should be conveyed to him, a conventional subrogation took place, and that the lien so acquired by appellant was not discharged by a conveyance of less land than was contemplated in that agreement. Nothing short of full compliance on the part of S. A. Rash with the agreement would entitle him to a release of the lien so transferred to appellant. The judgment denying recovery of the twenty acres is therefore reversed, and inasmuch as the case does not seem to have been fully developed, either in the pleadings or the evidence, it will be remanded for a new trial as to said twenty acres.

If the note had been merged in the judgment, as the court found, the issue tendered by appellant of ownership of the notes and the issue tendered by appellee of its being barred by limitation were alike immaterial issues.

Judgment affirmed as to the eighty-acre tract and reversed and remanded as to the other tract.

*Affirmed in part.*
*Reversed and remanded in part.*