### E. Y. BROWN v. S. A. RASH.

Decided March 23, 1907.

**Plea of Payment—Statute Construed.**

Although a plea of payment might not be as specific as required by article 1266, Revised Statutes, still, after a case has been once tried on such issue and an appeal and reversal had, an attack upon such plea for the first time on the ground of insufficiency, comes too late, the plaintiff having full notice of the character of payment to be proven.

Appeal from the District Court of Hood County. Tried below before Hon. W. J. Oxford.

*John Hiner, H. P. Brown* and *J. F. Henry,* for appellant.

*H. D. Payne,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This case was once before appealed to this court and will be found reported in 89 S. W. Rep., 438. On the last trial judgment again went in favor of the defendant, Rash, and the plaintiff, Brown, again appeals.

Practically the only question presented on this appeal arises on the issue of payment tendered by the appellee. The only matter involved on the last trial was the right to the twenty acres against which appellant asserted a lien by reason of having advanced to appellee the money with which to discharge an existing vendor's lien. The trial court instructed the jury in effect that the plaintiff should recover if he advanced the two hundred and nine dollars to the defendant upon an agreement that the land in controversy should be conveyed to him in payment, and that their verdict would be for the defendant if the agreement was that he, the defendant, should convey to plaintiff other land in payment or otherwise repay said sum.

The plea of payment interposed by appellee, which is now for the first time attacked by appellant, is in sufficient compliance with article 1266,

Texas Civil Statutes, to admit the proof of payment objected to. The article referred to only required that such payment "be so plainly and particularly described in the plea as to give the plaintiff full notice of the character thereof." Certainly the purposes of the statute have been met when a case has been once tried upon that issue and an appeal and reversal had, as is the case here, even though the plea itself be most general.

The court committed no error in submitting the issue of payment, since, as just shown, the issue was raised by the pleadings, and, as we hold, supported by the testimony. of appellee. While the appellee's testimony was not as satisfactory in this particular as it might have been, it nevertheless was sufficient to authorize the submission of the issue and to support the jury's implied finding thereon.

We find no error in the judgment, and it is therefore affirmed.

*Affirmed*

Writ of error refused.